## CONFINEMENT IN JAIL FOR VIOLATION OF AN ORDER OF INJUNCTION.

Circuit Court of Cuyahoga County.

### S. A. GROSSNER v. STATE OF OHIO.[*]

Decided, December 17, 1909.

*Final Judgment—Evidence of—Presumption—Injunction Bond by Corporation—Validity of—Punishment for Contempt.*

1. Where a supplemental petition is filed in a case and judgment rendered upon it, it will be presumed that final judgment had not been rendered on the original petition and the case disposed of so as to preclude further judgment in the case, unless the record affirmatively shows the contrary.
2. An injunction bond is not invalid because given by a corporation, the name of which is signed to the bond by its attorney of record, not an officer of the corporation, provided proper sureties have signed the bond as provided by law.
3. Confinement in jail for ten days as punishment for violating an order of injunction is excessive punishment not authorized by R. S., Sec. 5581.

*Francis J. Wing, Herman Preusser* and *Simon A. Grossner,* for plaintiff in error.

*M. P. Mooney,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was found guilty of contempt of court in violating an order of injunction issued by the Common Pleas

---

[*]Affirmed without opinion, *Grossner v. State,* 85 Ohio State, 312-318.

Court of Cuyahoga County. That he violated the order is conceded, but he justifies on the ground that the order was of no validity, for two reasons, first, because the court had no authority to issue it; and, second, because no proper undertaking was given by the party obtaining it.

The record before us discloses that the order violated was made on a supplemental petition filed October 16, 1909, in cause of No. 111093, in the common pleas court and sought to temporarily restrain Mr. Grossner from prosecuting forty-nine suits against the Citizens Savings & Trust Company pending before a justice of the peace, based upon its liability as garnishee in certain actions against forty-nine persons in which Grossner had obtained judgments which are alleged to be invalid. This supplemental petition further prays that upon final hearing the plaintiff may be granted the relief prayed for in its original petition. The supplemental petition alleges that said forty-nine suits were brought after the filing of the original petition which asked for relief against other similar suits theretofore begun.

It is claimed by Grossner that the court had no jurisdiction to grant a restraining order upon this supplemental petition, because the original case had long since been disposed of by a final decree entered on January 18, 1909. This decree is set forth in the bill of exceptions, as well as the order of injunction which was violated and these two orders are the only evidence in the record as to the case in which they were entered.

There is no copy of the docket entries, no pleadings (indeed it is shown in evidence that all the original pleadings have been lost), no copy of the record of the case, if one was ever made; all we have from which to determine whether the order of January 16 was intended as a final disposition of the case is the order itself, and we have no evidence as to whether that order was ever attacked by motion for new trial during the term, petition to vacate it after the term, or proceedings for its review in a higher court.

Two recitals in said January decree are called to our attention as fixing its character as a final judgment disposing of the entire case. The opening words of the decree are as follows:

"This cause having been duly advanced for hearing upon the docket of the court, came on for hearing upon the petition of the plaintiff and the answer of the defendant and the evidence, and was argued by counsel."

It may be conceded that the final judgment in a case would read about like this, but does it follow that an interlocutory order of injunction could not possibly open with these words? We think not.

The pleadings may have been sworn to absolutely and so have been used as affidavits.    The fact, as recited, that the cause was advanced, is very strong evidence that the whole cause as distinguished from an application for a restraining order only, was heard, but it is not conclusive that the entire case, after hearing, was finally disposed of.    It is common knowledge that upon final hearing of an equity case something develops in the evidence which induces the trial judge to grant partial relief, but retain the cause for further consideration of some of the matters in issue.    In this case it seems that the court saw fit to temporarily enjoin the further prosecution of the justice cases, but did not adjudicate the validity of the causes of action therein set up.    An adjudication of that kind necessarily would have been a final disposition of the entire matter.    In the absence of such an adjudication it must be presumed that the court intended to consider that matter later, if it became necessary so to do, or to abide and adopt the decision in the test case which is mentioned in the decree.

With this in mind the language of the decree "without determining any issue made or raised in this case and without prejudice to the rights of the parties hereto to try any and all of said issues," in said test case, becomes plain and must be held as meaning that the decree is not intended as a final one.

It is also claimed that the bond ordered to be given in the January decree shows that said decree was a final one.    The conditions of said bond are specified, while the statute, 5576, uses the general language "to secure to the party enjoined the damages he may sustain if it be finally decided that the injunction ought not to have been granted."    As we read the decree

we think the bond ordered to be given is as comprehensive as it would have been had the general words of the statute been used instead of the specification of the damages likely to be sustained.

It is true that the bond is even broader and such as might be ordered in a final decree, but this fact is not conclusive of the question here made, for, in addition to the express words used in the decree reserving issues to be tried, it lacks one of the most characteristic elements of a final judgment and that is an adjudication as to costs. The January decree gives no judgment for or against either party as to costs; it is silent on the subject. The cause was therefore unfinished.

"Section 1319. On the rendition of judgment, in any case, the costs of the party recovering together with his debt or damages, shall be carried into his judgment." See also Sections 5348 and 5351.

Having concluded that the January decree was not intended as a final disposition of the cause, it follows that the case was still pending when the supplemental petition was filed and that the court had authority in the original case and without causing the supplemental petition to be filed as a new case, to make the order which Grossner violated. This conclusion is strengthened by the presumption in favor of the latter order which is expressed by the maxim, "*omnia praesumuntur rite acta.*"

The next question in the case is whether Grossner had a right to disregard the order made in October because of insufficiency of the bond filed by the plaintiff in the case.

The plaintiff was a corporation and its name was signed to the bond by its attorney of record in the case, and no authority, specific or general, from the corporation's board of directors authorizing its attorney to sign its name to such bonds, was shown. The bond, was, however, executed by sufficient surety approved by the clerk of the court.

Conceding that the authority of the attorney of record in the case did not authorize him, in the absence of a showing that his client could not be reached, to sign the corporation's name to the bond, we still think the bond was sufficient as a literal compliance with the statute, Section 5576, which only requires the

plaintiff to give an undertaking, executed by sufficient surety and does not specifically require the plaintiff to execute the bond. The authorities upon this subject are found in the case of *Johnson* v. *Johnson,* 31 O. S., 131. We believe that case was decided upon the wording of a similar statute relating to appeal bonds, and not upon the suggestion contained in the opinion that the appellant would be bound by any judgment that might be rendered in the appellate court without obligating himself by an undertaking to be so bound. We realize that such is not the case with an injunction bond; there can be no recovery against a plaintiff in injunction for damages sustained by the wrongful suing out of an injunction, except upon an injunction bond. But the bond executed by the surety in this case is so worded as to make him liable for his promise, whether his principal signed it or not. It reads:

"We bind ourselves to the said defendant in the sum of two hundred dollars that the said plaintiff the Citizens Savings & Trust Company shall pay to the said defendant the damages he may sustain by reason of the restraining order in this action, if it be finally decided that the said restraining order ought not to have been granted."

This is an original promise upon the faith of which the order of injunction went into effect, and it is unnecessary to determine whether it savors of suretyship or guarantyship.

We suggest further that the plaintiff in this case may be liable on said bond under the rules not only of estoppel but of ratification.

The evidence in the case warranting the application of either or both of said doctrines we do not find it necessary to set forth, as we rest the sufficiency of said bond upon the wording of the statute requiring it to be given.

Finding the bond sufficient, the plaintiff in error was without excuse in violating the order of injunction. He was clearly in contempt of court when he disregarded the order. The only point made as to any inequities in this trial upon the contempt charges, is as to the sentence. The court ordered a confinement in jail for ten days as punishment for violating the order, to be

followed by confinement until the order was complied with. Clearly this was excessive punishment not authorized by the statute, Section 5581.

For error in the sentence alone, the judgment is reversed and the cause remanded for re-sentence according to law.

It follows that the judgment in the habeas corpus case must also be reversed, and judgment rendered for the applicant.